IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEROME G. BEERY,

    Appellant,

vs.                                Civ. No. 98-384 M/LCS
                                     Bankr. No. 7-94-10504 MA
                                     Adv. No. 97-1059 M

YVETTE GONZALES, Trustee, et al.,

    Appellees.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

Proposed Findings

1. This matter comes before the Court upon Appellant's (Beery) Notice of Appeal, filed March 31, 1998. Beery appeals the Bankruptcy Court's Order for Retroactive Relief from Stay to Permit Tax Court to Enter Decision (Order), filed March 19, 1998. The Order modified the automatic stay so that the Tax Court could enter a judgment based on its decision reached prior to Beery's notification to the Tax Court of this pending bankruptcy case.

2. In his Appellant's Brief, filed May 15, 1998, Beery raises two issues: (1) is the Order valid even though it does not give a date for its retroactive effect; and (2) could the Bankruptcy Court enter the Order when jurisdiction was with the Tenth Circuit. The Trustee in her answer brief raises three additional issues. First, the Trustee contends that this Court lacks appellate jurisdiction; second, the Trustee argues that Beery cannot raise his issues for the first time on appeal; and third, the Trustee asserts that Beery should be sanctioned for bringing a frivolous appeal. Because this Court must have appellate jurisdiction before it can address any of the other

issues, I will discuss the question of appellate jurisdiction first. Then, if called for, I will discuss the question of whether Beery raised his appellate issues in the Bankruptcy Court. A discussion of the merits of Beery's appeal will follow, if necessary.

A. Appellate Jurisdiction

3. The Trustee argues that appellate jurisdiction is lacking because, the Order is not final nor appealable as a matter of right. The Trustee also argues that this matter is not a reviewable interlocutory appeal. 28 U.S.C. §158 governs the jurisdiction of bankruptcy appeals. It provides in pertinent part:

> (a) The district courts of the United States shall have jurisdiction to hear appeals
> (1) from final judgments, order, and decrees;
> ...
> (3) with leave of the court, from other interlocutory orders and decrees.

"'[T]o be final and appealable, the district court's order must end the litigation and leave nothing to be done except execute the judgment.'" *In re Buckner*, 66 F.3d 2623, 265 (10th Cir. 1995)(quoting *In re Magic Circle Energy Corp.*, 889 F.2d 950, 953 (10th Cir. 1989)(citation omitted). Orders granting or denying relief from an automatic stay are considered final. *See, e.g., In re Stacy*, 167 B.R. 243, 246 (N.D. Ala. 1994); *In re Gianakas*, 112 B.R. 737, 740 (W.D. Pa.), *aff'd*, 917 F.2d 759 (3rd Cir. 1990); *In re Drislor Associates*, 110 B.R. 937, 938 (D. Colo. 1990). Consequently, I find that the Bankruptcy Court's Order is final and that this Court has jurisdiction over this appeal.

B. Failure to Raise Issues Before Bankruptcy Court

4. The case law clearly states that appellate courts cannot consider issues raised for the first time on appeal. *See, e.g., In re American Ready Mix, Inc.*, 14 F.3d 1497, 1502 (10th Cir.),

2

*cert. denied*, 513 U.S. 818 (1994)(citing *In re Texas Intern. Corp.*, 974 F.2d 1246, 1247 n.3 (10th Cir. 1992)); *In re Skinner*, 917 F.2d 444, 446 (10th Cir. 1990)(citing *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989)). The Trustee correctly observes that Beery did not raise his appellate issues before the Bankruptcy Court. In fact, Beery did not attend the hearing on the Internal Revenue Service's motion to modify the stay. Moreover, Beery had previously filed his own Motion to Lift Stay so he could pursue his tax case. Item 2 (attached to Answer Brief of Appellee Yvette Gonzales, Trustee). For the above reasons, I find that this Court should not consider Beery's untimely appellate issues. Accordingly, this appeal should be dismissed with prejudice.

C. Sanctions

    5. The Trustee argues that this appeal is frivolous and she should, therefore, be awarded attorney's fees and costs for defending the appeal. This Court can assess just damages such as attorney's fees and single or double costs when an appeal is frivolous or brought to delay proceedings. Fed. R. App. P. 38; *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987). "An appeal is frivolous when 'the result is obvious, or the appellant's arguments of error are wholly without merit.'" *Braley*, 832 F.2d at 1510 (quoting *Taylor v. Sentry Life Ins. Co.*, 729 F.2d 652, 656 (9th Cir. 1984)). In addition, the Tenth Circuit has noted that Fed. R. App. P. 38 "should doubtless be more often enforced than ignored in the face of a frivolous appeal.'" *Id*. (quoting *WSM, Inc. v. Tennessee Sales Co.*, 709 F.2d 1084, 1088 (6th Cir. 1983)). Furthermore, an appellant's *pro se* status does not prohibit a court from imposing sanctions for a frivolously filed appeal. *See Olson v. Coleman*, 997 F.2d 727, 728 (10th Cir. 1993).

6. Beery is no stranger to *pro se* litigation.  He has already filed five appeals in his bankruptcy case.[1]  Beery's Appellant's Brief also contains no legal authority to support his arguments.  Additionally, Beery never opposed the Order until he filed the Notice of Appeal and even filed his own motion in favor of the Order. *See Malanca v. Falstaff Brewing Co.*, 694 F.2d 182, 185 (9th Cir. 1982)(frivolous appeal where appellant sough to dismiss counterclaim then appealed judgment dismissing counterclaim).  The above circumstances lead me to conclude that Beery's appeal is indeed wholly without merit and frivolous.  I, therefore, find that Beery is subject to sanctions including attorney's fees and single costs.

Recommended Disposition

I recommend dismissing this bankruptcy appeal with prejudice.  I also recommend remanding this matter to the Bankruptcy Court for a determination of reasonable attorney's fees and costs incurred by the Trustee to defend this appeal.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be

---

[1] BAP No. NM-98-003; Civ. No. 98-422 MV/LCS; Civ. No. 98-457 LH/LCS; and Civ. No. 95-1162 JP/RLP.

allowed.

_____
Leslie C. Smith
United States Magistrate Judge